LOLA GLACKEN, petitioner-respondent,

*v.*

WILLIAM B. GLACKEN, defendant-appellant.

[Argued May 26th, 1942.   Decided September 18th, 1942.]

Mr. William H. Campbell, Jr., for the petitioner-respondent.

Messrs. McCarter, English & Egner (Mr. George W. C. McCarter, of counsel), for the defendant-appellant.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an interlocutory order of the Court of Chancery arising out of an action for divorce. The order provided alimony *pendente lite* for the support of the wife and child of the defendant-husband, a counsel fee to her solicitor for the prosecution of this cause, as well as for the defense of any action the husband might bring in any other state, and a restraint against the defendant husband from proceeding with his action for divorce against the petitioner in the State of Pennsylvania.

In the recitals which precede the ordering part of the interlocutory order we find it stated as an apparent conclusion that the defendant-husband "for two years next preceding the commencement of the suit was a *bona fide* resident" of the State of New Jersey. The entire appeal and the argument in support thereof concern this question of jurisdiction, the husband contending that he and. the petitioner were domiciled in Pennsylvania.

From the case presented it appears that the proof before the advisory master on these preliminary matters was in the form of affidavits. The record discloses that the petitioner-wife was divorced from a former husband, one Leary, in June, 1940, at Reno, Nevada; that she married her present husband in November, 1940; that her action for divorce against him was initiated on March 4th, 1942. It is evident therefore that she was not a *bona fide* resident of the State of New Jersey for two years next preceding the instant action (*N. J. S. A. 2:50-10*) since we must assume that she was a *bona fide* resident of the State of Nevada at the time of her divorce from Leary.

The allegations of her petition in this cause, however, if true, satisfy our statute, *i. e.*, that her present husband was a *bona fide* resident of this state, in fact domiciled here. As against this the husband has filed his own and corroborating affidavits which tend to prove that he was and is domiciled in Shohola, Pike County, Pennsylvania, where he owns a house and farm. His place of business is in Newark and has been for twenty-five years. To this the petitioner has filed her own counter and the supporting affidavits of third parties in rebuttal. The husband's *ex parte* proofs support the answer in lieu of plea which he filed, denying that either he or the petitioner was a resident of New Jersey when the cause of action arose but that their permanent home was in Pennsylvania; that their residence in Newark was temporary in character for the business convenience of the defendant, and that the defendant in this cause has "filed a libel for divorce" against the petitioner in the Common Pleas Court of Pike County, Pennsylvania, and that an appearance has been entered in that suit for her. In a word, the argument on this phase of the appeal is that the Court of Chancery did not have jurisdiction of the subject-matter because of the alleged fixed abode of the parties in Pennsylvania.

The reasons for reversal stated and argued by the husband on this appeal are that the court must have jurisdiction of the subject-matter to make any valid order; that the court's jurisdiction is statutory, and that it lacks jurisdiction to grant a divorce for cruelty unless petitioner or the defendant is and has been a *bona fide* resident of this state for two years next preceding the commencement of the action; and that since jurisdiction to give the relief here granted is incident to jurisdiction to granting a divorce, the interlocutory order under review is therefore wholly void. All of the foregoing may be conceded if it clearly appeared as a fact that the parties were not *bona fide* residents of this state, or if in the circumstances here the husband has not been such resident for the two year statutory period.

Since the application out of which this order was made was on order to show cause why the petitioner-wife should

not have alimony, &c., it was proper that such matters, interlocutory in character, should have been considered on affidavits (Chancery rule 91), but the question here under appeal—the matter of the husband's residence—could not be finally determined on proof *ex parte* and it was error to have done so if that was the court's intention. We do not think, however, that the learned advisory master intended that his interlocutory order should be taken as a final disposition of the matter of the husband's domicile. We have no doubt that he intended only to find that the petitioner had made out a *prima facie* case on this issue. The order nonetheless was properly made. There was sufficient before the court to justify the holding, prior to final hearing, that a *prima facie* case on the matter of the defendant's two-year residence in this state had been made out and this (the wife's necessity for alimony, &c., not being disputed) entitled the petitioner to the relief which the court granted in the order under review. *N. J. S. A. 2:50-37.*

The learned advisory master seems to have considered that the issue was as to the jurisdiction of the Court of Chancery over the *person* of the defendant. We think that the issue raised by the pleading was rather the court's jurisdiction over the *subject-matter.* As a matter of fact, the husband by appearance and answer had submitted to the jurisdiction.

To return to the main question: it is not possible, under our practice, on the *ex parte* proof to determine finally a contested issue of domicile. This is a jurisdictional fact and must be proved like any other material issue in a divorce proceeding. It may not be proved by the uncorroborated testimony of one of the parties; obviously it may not be established by affidavits but must await the final hearing. *McShane* v. *McShane, 45 N. J. Eq. 341; Williams* v. *Williams, 78 N. J. Eq. 13.*

The order under appeal is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ.   14.

*For reversal*—None.